# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 740 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Gaughan vs. U.S. Bureau of Prisons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Defendant's motion to dismiss [23-1] is granted. If the plaintiff brings forth, by 4/30/2003 such evidence to show that he did pursue his claims through the prison administrative grievance system and completely exhausted his administrative remedies, the case will be reinstated. If the plaintiff fails to show proper proof of exhaustion by that date, the court will enter final judgment. The thirty-day time limit to appeal will begin to run after entry of final judgment. This case is set for a status conference in open court on 5/6/2003 @ 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TSA | courtroom deputy's initials | 03 MAR 24 AM 8:33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT GAUGHAN (#05336-027), )
)
           Plaintiff, )
) Judge Wayne R. Andersen
v. )
) No. 02 C 0740
U.S. BUREAU OF PRISONS, et al., )
)
           Defendants. )

DOCKETED
MAR 2 5 2003

## MEMORANDUM, OPINION AND ORDER

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendants, four physicians employed by the Federal Bureau of Prisons, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that after he injured his knee during recreation while confined at the Metropolitan Correctional Center (he tore tendons and ligaments), the defendants provided deficient care for his injured knee. By Minute Order of February 28, 2002, the court dismissed the amended complaint as to all other claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). This matter is before the court for consideration of the defendants' motion to dismiss. For the reasons set forth in this order, the motion will be granted. The amended complaint must be dismissed in light of the plaintiff's failure to show that he exhausted prison administrative remedies before filing suit.

The Prison Litigation Reform Act of 1995 [hereinafter, "PLRA"] provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. . . ." 42 U.S.C. § 1997e(a); *Massey v. Helman*, 259 F.3d 641, 645 (7th Cir. 2001) ("*Massey II*"). In this case, the

29

record establishes that the plaintiff failed to exhaust prison administrative remedies prior to bringing suit. The plaintiff's pursuit of an administrative claim under the Federal Tort Claims Act did not satisfy the PLRA's exhaustion requirement.

"[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065 (2001) (*"Massey I"*). Such an administrative process was available to the plaintiff in this case. The Bureau of Prisons "maintains an administrative review procedure through which inmates can present grievances regarding the conditions of their confinement, including their medical care." *Massey II*, 259 F.3d at 643; *see also Massey I*, 196 F.3d at 734. The procedure requires the sequential filing of four forms. First, an inmate must file a grievance form called a BP-8 with the prison staff. *See* 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response he receives, he must file a BP-9 seeking administrative review with the warden. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's resolution of his grievance, he has twenty days to file a BP-10 with the Bureau of Prisons' regional director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional director's disposition, his fourth and final appeal must be made to the Bureau of Prisons' general counsel by filing a BP-11 within thirty days. *Id.*

In this case, there is no genuine issue as to whether the plaintiff completed the four-step exhaustion process. In both his original and amended complaint, on the section of the complaint form eliciting information about exhaustion, the plaintiff indicated that he had pursued the administrative process for filing suit under the Federal Tort Claims Act rather than availing himself of institutional remedies. The body of the complaint (p. 3) and amended complaint (p. 6) correspondingly refer only to the plaintiff having filed a "tort claim." Moreover, the plaintiff stated in his response to the court's deficiency order of January 31, 2002, that "[t]he Tort Claim

2

filed in this matter was the administrative remedy which the plaintiff was required to seek prior to filing a civil action." (*See* "Response," docket #5, at p. 1.) The plaintiff never indicated that he had exhausted available prison grievance procedures; to the contrary, he steadfastly maintained that he had completed tort claim procedures.

After conducting a threshold review of the amended complaint, the court tentatively allowed the plaintiff to proceed on his claims, but specifically questioned whether the administrative exhaustion process under the Federal Tort Claims Act [hereinafter, "FTCA"] satisfied the administrative exhaustion requirement of 42 U.S.C. § 1997e(a). *See* Minute Order of February 28, 2002. A closer analysis of case law persuades the court that the different administrative processes serve different functions and thus are not interchangeable.

This court agrees with the recent holding in *Owusu v. Federal Bureau of Prisons*, No. 02 CV 0915, 2003 WL 68031, at *2 (slip op. S.D. N.Y. Jan. 7, 2003) (fulfillment of the FTCA's exhaustion requirement does not constitute satisfaction of the PLRA's exhaustion requirement for *Bivens* actions; an inmate must exhaust the Bureau of Prisons four-step administrative grievance process before pursuing a civil rights claim in federal court). The Sixth Circuit Court of Appeals has likewise ruled that a prisoner plaintiff's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim." *Brockett v. Parks*, 48 Fed. Appx. 539, 541 (6th Cir. 2002). *Also compare Watts v. U.S.*, 2002 WL 31427395, at *1 (C.A. D.C. 2002) (conversely noting in dicta that exhaustion of prison administrative remedies through the inmate grievance process would not satisfy FTCA exhaustion requirements).

The main purpose of requiring an administrative claim before bringing suit under the Federal Tort Claims Act is to provide the government agency with sufficient notice to investigate the incident resulting in the claim and prepare for settlement negotiations. *See Ward v. U.S.*, 1 Fed. Appx. 511, 514 (7th Cir. 2001); *Palay v. U.S.*, 125 F. Supp. 2d 855, 859 (N.D. Ill. 2000). The principal purpose of the administrative exhaustion requirement in prisoner civil rights cases

3

is to curtail lawsuits altogether–particularly frivolous lawsuits–by giving correctional officials the opportunity to rectify the perceived problem before the courts become involved. *Accord, see, e.g., Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001), *cert. denied*, 535 U.S. 906 (2002); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999); *Owusu*, 2003 WL 68031, at *2. In other words, the function of the tort claim administrative process is essentially to prepare for litigation; the purpose of exhaustion of prison grievance procedures is to avoid litigation. Thus, "it is entirely possible" for a prisoner plaintiff to exhaust administrative remedies for purposes of the FTCA without exhausting remedies under the PLRA for purposes of filing a *Bivens* claim if the plaintiff fails to avail himself of the four-step grievance process. *Owusu*, 2003 WL 68031, at *2, *quoting Hylton v. Federal Bureau of Prisons*, No. 00 CV 5747, 2002 WL 720605, at *2 (E.D. N.Y. Mar. 11, 2002).

As noted above, the plaintiff never mentioned exhaustion of grievance procedures in either his original or amended complaint and never corrected the court's stated assumption that he had failed to exhaust prison administrative remedies. Only in response to the defendants' motion to dismiss does the plaintiff now assert for the first time that he filed appeals to both the administrative remedy officer and general counsel but received no response from either body. However, the defendants have submitted affidavits from a supervisory attorney and paralegal specialist with the Bureau of Prisons, both of whom attest that the plaintiff filed a grievance only at the institutional level and never pursued the appeal process. The Bureau of Prison's computerized log reveals that no administrative appeal was received by either the regional or central offices, notwithstanding the plaintiff's belated assertion to the contrary. The plaintiff offers no explanation why two offices might have failed to receive his appeals, when the system's records reflect receipt of his myriad other grievances and administrative claims under the Federal Tort Claims Act; nor has he explained why he never before mentioned exhaustion of administrative remedies in his pleadings or in response to the court's prior orders. The

plaintiff has failed to show satisfactory proof of exhaustion of the four-step administrative review process. Under the circumstances of this case, no reasonable person could conclude that the plaintiff properly exhausted available administrative remedies.

The plaintiff's contention that the exhaustion requirement does not apply because he is seeking only monetary damages is spurious. *See Massey II*, 259 F.3d at 645 ("The Supreme Court's recent decision in *Booth [v. Churner*, 532 U.S. 731 (2001)] forecloses this argument"). If the plaintiff was dissatisfied with the quality of the medical care he was receiving, he could have attempted to resolve the matter through the grievance process; however, he did not do so. Instead of making an effort to obtain the medical treatment he believed was necessary, he chose to sue for money damages. The court accordingly finds as a matter of law that the plaintiff's pursuit of monetary damages under the Federal Tort Claims Act did not satisfy the PLRA's administrative exhaustion requirement.

The cases cited by the plaintiff holding that exhaustion is not required are inapposite. *Massey I and II*, recent decisions by the Seventh Circuit Court of Appeals, are both directly on point as they relate specifically to a federal prisoner's civil rights claim brought under *Bivens* and concerning deficient medical care. This court is bound by Seventh Circuit precedent. The contrary holding in *Abdul-Khabir v. Lichtenberger*, 518 F. Supp. 673 (E.D. Va. 1981) is irrelevant. *Abdul-Khabir* is a 1981 case from another district that pre-dates both the PLRA and the Seventh Circuit's opinions in the *Massey* cases. The plaintiff's reliance on *McCarthy v. Madigan*, 503 U.S. 140 (1992) is similarly misplaced, as the PLRA statute superseded the holding in *McCarthy*. *See Booth*, 532 U.S. at 740-41 (recognizing Congress' implicit intent to override *McCarthy*).

Finally, the plaintiff is mistaken in his assertion that he is entitled to relief, in the alternative, under the Federal Tort Claims Act. A plaintiff suing under the FTCA must file suit in federal court within six months of the agency's final disposition of the plaintiff's claim. *See*

5

28 U.S.C. § 2675(a). For statute of limitations purposes, the court will deem the complaint in this case filed on the date it was signed rather than the date it was actually received by the Clerk of the Court. Under the "mailbox rule," prisoner pleadings are considered filed when given to the proper prison authorities for mailing, and not when received by the district court clerk. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999), *relying on Houston v. Lack*, 487 U.S. 266 (1988) (both habeas cases). The instant complaint is dated January 13, 2002.

The North Central Regional Office rendered its final decision on June 21, 2001. Yet the plaintiff did not initiate this action until, at the earliest, January 13, 2002. Because the plaintiff waited almost eight months to bring suit, any cause of action under the FTCA is extinguished. In fact, the court previously ruled in this case that "any FTCA claim against the United States or the Bureau of Prisons is now time-barred." *See* Minute Order of January 31, 2002, *citing* 28 U.S.C. § 2401(b). The plaintiff's insistence that he has an actionable claim under the FTCA is frivolous. The plaintiff presumably filed suit under *Bivens* specifically because he was aware he had missed the deadline for bringing an FTCA claim.

For the foregoing reasons, this case must be dismissed for failure of the plaintiff to exhaust prison administrative remedies prior to bringing suit. In light of the dismissal of this case on exhaustion grounds, the court has no occasion to reach such questions as whether the court has personal jurisdiction over each of the defendants. *See Perez*, 182 F.3d at 535.

As discussed above, this appears to be a case of first impression in this circuit; the court can find no Seventh Circuit precedent deciding whether completion of the administrative process under the Federal Tort Claims Act satisfies the PLRA's exhaustion requirement. Therefore, the court would be inclined to look favorably on a motion for leave to appeal *in forma pauperis* should the plaintiff decide to appeal. *See* Fed. R. App. P. 24(a)(1)(C); *Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999). If the plaintiff does wish to appeal this dismissal, he may file a

notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4).

If the plaintiff does choose to appeal, he will be liable for the $105 appellate filing fee, if the motion for leave to appeal in forma pauperis is denied. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). In addition, the plaintiff is forewarned that, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This dismissal on grounds of non-exhaustion will not be counted as a PLRA "strike;" however, if an appeal were found to be non-meritorious, the plaintiff could be assessed a strike.

Because the plaintiff is proceeding *pro se*, he will be given the opportunity to seek reinstatement before deciding whether to seek appellate review. The court will not enter final judgment at this time. The plaintiff is granted until April 30, 2003, to show proof of exhaustion of prison grievance procedures [as opposed to administrative exhaustion under the FTCA]. If the plaintiff can establish that he did properly exhaust the prison administrative process by pursuing each step of the four-step grievance system, the court will reopen the case. If, on the other hand, the plaintiff fails to show proof of complete exhaustion by April 30, 2003, the court will enter final judgment.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket #23) is granted. The plaintiff simply has not presented any credible evidence to show that he pursued his claims through the prison administrative grievance system. For these reasons, the amended complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust prison administrative remedies prior to filing suit. Nevertheless, if the plaintiff brings forth, by April 30, 2003, such evidence to show that he did pursue his claims through the prison administrative grievance system and completely exhausted his administrative remedies, the case

will be reinstated. If the plaintiff fails to show proper proof of exhaustion by that date, the court will enter final judgment. The thirty-day time limit to appeal will begin to run after entry of final judgment. This case is set for a status conference in open court on Tuesday, May 6, 2003, at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 21, 2003