*Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 0740 | DATE | DECEMBER 29, 2003 |
| CASE TITLE | Robert Gaughan, #05336-027 vs. Federal Bureau of Prisons, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

**Enter MEMORANDUM, OPINION AND ORDER:**

(10) ■ [Other docket entry] After holding a hearing in this matter, the court finds that the plaintiff did not pursue prison administrative grievance procedures in a timely manner before filing suit, as required by the Prison Litigation Reform Act. Accordingly, the amended complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust prison administrative remedies. The case is terminated. The parties are to bear their own costs.

(11) ■ See attached Memorandum Opinion and Order.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 30 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | 03 DEC 29 PM 8:2 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT GAUGHAN (#05336-027), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Wayne R. Andersen |
| v. ) | |
| ) | No. 02 C 0740 |
| U.S. BUREAU OF PRISONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action which the court has construed as a suit under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff claims that the defendant, a physician at the Metropolitan Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the defendant provided deficient care after the plaintiff injured his knee during recreation. [In previous orders, the court dismissed all other claims and defendants.]

By Memorandum Opinion and Order entered March 21, 2003, the court granted the defendants' motion to dismiss the amended complaint for failure of the plaintiff to exhaust prison administrative remedies prior to bringing suit, as required by 42 U.S.C. § 1997(e)(a). The record showed that the plaintiff had pursued only an administrative claim under the Federal Tort Claims Act; the court found that the plaintiff's exhaustion of administrative tort remedies did not satisfy the PLRA's exhaustion requirement. *See, e.g., Paulino-Duarte v. United States*, No. 02 CV 9499, 2003 WL 22533401, at *3 (S.D.N.Y. Nov. 7, 2003); *Owusu v. Federal Bureau of Prisons*, No. 02 CV 0915, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003); *Hylton v. Federal Bureau of Prisons*, No. 00 CV 5747, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002) ("it is entirely possible" to exhaust administrative remedies for purposes of the FTCA without exhausting

remedies pursuant to the PLRA for purposes of filing a *Bivens* claim); *Brockett v. Parks*, 48 Fed. Appx. 539, 541 (6th Cir. 2002). *Also compare Watts v. U.S.*, No. 02-5205, 2002 WL 31427395, at *1 (C.A. D.C. Oct. 30, 2002) (conversely noting in dicta that exhaustion of prison administrative remedies through the inmate grievance process would not satisfy FTCA exhaustion requirements). The two administrative exhaustion schemes are simply not interchangeable.

On May 7, 2003, the court granted the plaintiff's motion for reinstatement based on the plaintiff's assertion that he had, in fact, attempted to exhaust prison grievance procedures as well as administrative tort procedures but that he received no response at either level of appeal. Prison officials' failure to respond to an inmate's grievances renders administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). However, because the remaining defendant objected to reinstatement of the case, the court has held a videoconference to hear evidence on the issue of exhaustion.

Having now held a hearing on this matter, the court finds that the plaintiff's testimony is not credible. As discussed more fully in the court's prior orders, the documentary record already cast considerable doubt on the plaintiff's contention that he had attempted to fully exhaust prison grievance procedures. Under the Bureau of Prisons' scheme, there is a three-step formal administrative review procedure "through which inmates can raise grievances regarding the conditions of their confinement, including their medical care." *Massey v. Helman*, 259 F.3d 641, 645 (7th Cir. 2001). If the inmate is dissatisfied with the informal review process or wishes to bypass it, he must file a BP-9 seeking administrative review by the warden. *See* 28 C.F.R. § 542.14(a). If the inmate is unhappy with the warden's resolution of his grievance at the institutional level, he has twenty days to file a BP-10 with the Bureau of Prisons' regional director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional director's

disposition, his third and final appeal must be made to the Bureau of Prisons' general counsel by filing a BP-11 within thirty days. *Id.*

In this case, the plaintiff never mentioned exhaustion of prison grievance procedures in either his original or amended complaint and never corrected the court's stated assumption that he had failed to exhaust prison administrative remedies. *See* Minute Order of February 28, 2002. To the contrary, both under the "Exhaustion" section of the court's amended complaint form and in response to the defendants' original motion to dismiss, the plaintiff indicated that he had filed "a tort claim." Additionally, the plaintiff stated in his response to the court's deficiency order of January 31, 2002, that "[t]he Tort Claim filed in this matter was the administrative remedy which the plaintiff was required to seek prior to filing a civil action." (*See* "Response," docket #5, at p. 1.) Only when faced with the defendants' motion to dismiss did the plaintiff assert for the first time that he had attempted to fully exhaust prison grievance procedures, without success. [There is no dispute that the plaintiff filed a grievance at the institutional level; the government contests only whether the plaintiff completed the grievance process.]

In rebuttal, the defendants submitted affidavits from Bureau of Prisons personnel who attested that the plaintiff filed a grievance only at the institutional level and never pursued the appeal process. The BOP's computerized log system ["SENTRY"] likewise indicates that no administrative appeal was received by either the regional or central offices, notwithstanding the plaintiff's belated assertion to the contrary.

At the hearing, the plaintiff was unable to offer any explanation why two offices might have failed to receive his appeals, when the system's records reflect receipt of his fourteen other grievances and administrative claims under the Federal Tort Claims Act during the time period in question; nor did he explain why he never before mentioned exhaustion of prison grievance procedures in his pleadings or in response to the court's prior orders. At the hearing, the plaintiff's counselor persuasively testified that any appeal would have had to have gone through

3

him and that he never received any appeal from the plaintiff in connection with any grievance relating to medical care. The appeals that the plaintiff submitted as evidence did not bear his counselor's initials or a "control" number, and the plaintiff submitted two different documents purporting to be the same appeal form.

In fact, the document the plaintiff submitted purporting to be his BP-10 appeal to the regional agency is dated days **before** the warden even denied the grievance at the institutional level, yet inexplicably refers to the warden's denial. [The plaintiff's counselor declared at the hearing that he would never issue an appeal form before the warden had rendered a decision at the institutional level]. The court can find no rational explanation for the inconsistent dates other than that the plaintiff fabricated the appeal documents when confronted with the non-exhaustion issue. The plaintiff's apparent "fraud" on the court justifies "immediate termination of the suit," independent of concerns of exhaustion. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

It is possible that the plaintiff obtained a BP-10 and a BP-11 form from another counselor; it is also within the realm of possibility (though highly unlikely) that appeals mailed to Kansas City and Washington, D.C. were both somehow lost in transit. However, the government's witnesses had never heard of such a remote eventuality actually occurring. A former coordinator for inmate issues testified that in seven years of dealing with "at least a thousand" prisoner grievances, she recalled only two instances where prisoners complained of a single lost appeal, and never both appeals. Moreover, the plaintiff, who struck the court as quite savvy, apparently never made any inquiry about any missing BP form, despite the fact that there were several means of tracking such appeals. The plaintiff's suspect evidence to the contrary, the evidence in no way supports a finding that the plaintiff exhausted prison grievance procedures.

Even assuming (without finding) that the plaintiff did complete the exhaustion process with respect to his March 2001 grievance, neither that grievance nor any other prior or

4

subsequent grievance concerned deliberate indifference on the part of the defendant Javed. The plaintiff was confined at the Metropolitan Correctional Center (where Javed was a staff physician) only until October 1999. He did not file his first grievance concerning medical care until March 2001, at which time he was incarcerated at the Federal Medical Center in Rochester, Minnesota. The grievance referred to a 1999 diagnosis by Javed, but did not allege that Javed denied the plaintiff medical attention or provided improper care. The grievance challenged only the quality of his medical treatment at FMC-Rochester. Regardless, a grievance against Javed almost two years after the fact would have been untimely. As a prerequisite to filing suit in federal court, an inmate must comply with the rules established by the prison system with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where state prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court).

In sum, the plaintiff has failed to show satisfactory proof either that he fulfilled his statutory obligation of exhausting the three-step administrative review process, or that he did so in a timely manner. After hearing the parties' testimony, the court finds that the plaintiff failed to exhaust available administrative remedies as required by the PLRA. It seems plain that the plaintiff simply recast his federal tort claim as a *Bivens* action because he had missed the statutory deadline for initiating the former type of suit. Because the plaintiff failed to properly exhaust prison grievance procedures, his civil rights action must be dismissed. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999)

For the foregoing reasons, the complaint is dismissed in its entirety. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $255 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to

be non-meritorious, the plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

For the foregoing reasons, upon reconsideration, the defendants' motion to dismiss (#23) is granted in its entirety. The amended complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust prison administrative remedies prior to filing suit. The case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 29, 2003